CHARLES H. GOULDING & others *vs.* INHABITANTS OF PEABODY & others.

Essex.　November 3, 1897. — March 8, 1898.

Present: HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Public Charity — School Districts.*

A portion of the income of a fund received by a town under St. 1837, c. 85, having been paid over in trust for the use and benefit of a school district therein, became, upon the incorporation of a new town in which the district was included, and the erection of a new school district embracing substantially the same territory as the old one, the property of the new district, and upon the abolition of the latter by St. 1869, c. 110, § 1, it became the property of the town in which the district was located.

BILL IN EQUITY, filed February 19, 1896, by Charles H. Goulding and five others, the school committee of Peabody, alleging that on May 9, 1844, at a meeting of the town of Dan-

vers, it was voted to convey the sum of $9,220, being the town's share of surplus revenue deposited with it under St. 1837, c. 85, to trustees to hold the same in trust, and, in each year in which the town of Danvers should raise by taxation and appropriate for its town schools an amount equal to three dollars per head for each child between the ages of four and sixteen years resident therein on the first day of May, to pay over the income of such funds semiannually to the several school districts in the town in proportion to the number of children of the prescribed age in each; that it was further voted at the same time that the then accrued interest and income on such fund be distributed in that year to the several districts in the town in proportion to the number of children in each between the ages of four and sixteen years, "to be used by said districts for school purposes and no other"; that in pursuance of the second vote the sum of $530.48 was paid to School District No. 11 in that town, and a portion thereof was transferred and paid over to Eben Sutton, in trust to "pay over the income and interest thereof, annually, to the prudential committee of said district, to be used in the following manner, to wit: one half of said annual income for the purchasing and repairing school apparatus, or increasing or repairing the school library, and the other half of said annual income for defraying the incidental expenses of the school district"; that on March 18, 1855, the south parish of Danvers, which included School District No. 11, was by St. 1855, c. 385, set off and incorporated as a separate town under the name of South Danvers, which was subsequently, by St. 1868, c. 121, changed to Peabody; that on March 2, 1857, the town of South Danvers, at a legal meeting, abolished School District No. 11, and substituted for it a new district known as District No. 2, which embraced substantially the same territory, and which was also abolished on April 29, 1869, under the provisions of St. 1869, cc. 110, 423; that Sutton continued to hold and dispose of the trust fund for the use and benefit of School District No. 2, upon the same trust as he had held it for School District No. 11, except so far as the disposition thereof was modified by a regulation of the district, adopted March 30, 1857, which provided that the income should be paid to the treasurer of the district annually or semiannually as it accrued, and one half

thereof be applied to the incidental expenses of the district, and the other half to the maintenance and increase of the district school library ; that, Sutton having died, the district, on May 13, 1865, elected Francis Baker a trustee of the fund, and that he, although making no payment of income or interest to the district after February 6, 1869, continued to hold the fund until his decease, on May 23, 1874; and that thereafter the fund remained on deposit in his name as a trust fund in the Warren Five Cents Savings Bank in Peabody, and the pass-book therefor was held by the executor of his estate.

The prayer of the bill was that the fund should be declared a public charitable gift, and the appointment of a trustee who should apply it, or the income thereof, to defraying such educational expenses of the children of Peabody as the school committee thereof should determine.

The executor of the estate of Francis Baker filed an answer admitting the allegations of the bill, and submitting himself to the judgment of the court. The Warren Five Cents Savings Bank filed an answer in which, after a statement of the facts, it submitted for the consideration of the court the following questions:

" 1. Whether the facts set forth in the pleadings disclose ' a public charitable gift,' to continue in perpetuity, which this court can by any judicial act declare and establish.

" 2. Whether said fund was not so far the property of School District No. 2, as the successor of the former School District No. 11, as to be included in the property of the school district which was, by St. 1869, c. 110, to be taken possession of by the town of Peabody, and to become thereafter the property of said town to its own use.

" 3. School District No. 2 having become the holder of the beneficial interest in said fund, under a claim to be the successor of School District No. 11, and having by act of the Legislature become extinct as a quasi corporation, whether a resulting trust did not thereby arise in favor of the town of Peabody, as now standing in the place of the town of Danvers, which was the original donor, to receive said fund to its own use."

The case was heard by *Field*, C. J., who, at the request of the parties, reserved the case upon the bill and answers for the consideration of the full. court.

*F. G. Preston,* for the plaintiffs.

*T. M. Stimpson,* for the Warren Five Cents Savings Bank.

MORTON, J.   In the division of the town of Danvers, that part which included School District No. 11 was set off to and became a part of South Danvers.   There can be no doubt, we think, that the school district did not lose its right in the fund because it was incorporated into and became a part of the town of South Danvers.   We are also inclined to think that, when the town of South Danvers was redistricted, the fund passed to School District No. 2, which embraced substantially the same territory as School District No. 11, and which it is alleged in the bill, and not denied in the answers, " was created and established in its place and stead."   All parties interested seem to have acted according to this view of the matter.

The trustee chosen by School District No. 11 paid over the income of the fund to and for the benefit of School District No. 2, in accordance with rules and regulations adopted by the latter, and on his death the district chose a successor, who received the fund and continued to hold and manage it, and to pay over the income to the treasurer of the district until the district was abolished, in 1869, by the provisions of chapter 110 and chapter 423 of that year; and this course, we think, was according to the law as laid down in *Stoneham* v. *Richardson,* 23 Pick. 62, and in *Danvers* v. *Tapley,* 1 Allen, 49.   If the fund had been invested in a schoolhouse in School District No. 11, it is clear that under those decisions the schoolhouse would have passed to and vested in School District No. 2 in South Danvers. Such also would have been the case, we think, if it had been invested in school apparatus for the benefit of District No. 11.   It is carrying the principle but little further to apply it to a fund belonging to and administered by a district for the benefit of its schools ; and, in the absence of any legislation making a different disposition of the property, we think that it fairly may be assumed that the Legislature intended that, when one school district was abolished, and another embracing substantially the same territory was established in its place and stead, the newly established district should succeed to the property of the district which was abolished, so far as such property was held by it for school purposes.

The remaining question is, Who was entitled to the fund on the abolition of the district in 1869? We think it is plain that the town of South Danvers, or of Peabody as it then was and now is (St. 1868, c. 121), was entitled to it. By St. 1869, c. 110, § 1, the school district system was abolished, and by § 2 it was provided that "each town in which the district system now exists shall forthwith take possession of all the schoolhouses, land, apparatus, and other property owned and used by the several school districts therein, which said districts might properly convey, . . . provided . . . that any money or property held in trust by virtue of any gift, devise, or bequest for the benefit of any school district now existing shall hereafter continue to be held and used in the same manner, and for the same purpose, according to the terms thereof." By virtue of this section, we think that the fund became vested in the town of Peabody, to be used by it in accordance with the vote of the town of Danvers, under which it was originally distributed to School District No. 11, namely, "for school purposes and no other." The school district could make such rules and regulations consistent with the nature of the gift for its use and management as they saw fit, and the town of Peabody can do the same when the fund comes into its possession. The persons appointed trustees must be regarded as agents of the districts appointing them, and of the districts for whose benefit they held the fund. They acquired no right or title to it as against the district appointing them. Although the votes in regard to putting the fund in trust, and expending one half on school apparatus and the school library, and the other half in defraying incidental expenses of the school district, contained the terms on which the trustees received the fund, they were not so much in the nature of a contract as of revocable directions to agents respecting the custody and disposition of the fund and its income. The fund continued to belong to School District No. 11 after Sutton was appointed trustee. On the abolition of District No. 11, District No. 2 succeeded to the rights of the former in the fund; and, as already observed, on the abolition of District No. 2 the town of Peabody became entitled to it under the statute.

We think that a decree should be entered directing the fund to be paid over to the town of Peabody, to be used in the same

manner and for the same purpose as provided in the vote of the town of Danvers under which the same was originally distributed to School District No. 11 in that town. No objection has been taken in respect to parties, and we therefore have not considered whether the plaintiffs had a *locus standi.*

*So ordered.*